**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**REUBEN WILLIAMS,**                                                                **PETITIONER**

v.                                        **CIVIL ACTION NO.: 4:13cv222-DMB-SAA**

**STATE OF MISSISSIPPI and ATTORNEY GENERAL
FOR THE STATE OF MISSISSIPPI,**                               **RESPONDENTS**

### MEMORANDUM OPINION AND ORDER

Petitioner Reuben[1] Williams, Mississippi prisoner no. 13546, has filed a pro se federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his State court conviction for aggravated domestic violence. Having considered the submissions of the parties, the State court record, and the law applicable to Williams' claims, the Court finds that the petition should be denied, for the reasons that follow.

**Background Facts and Procedural History**

In May of 2010, Reuben Williams was indicted in the Circuit Court of Leflore County, Mississippi, on one count of rape, one count of felon in possession of a firearm, one count of aggravated domestic assault, and one count of kidnapping. The charges stemmed from an April 15, 2009, incident in which Williams attacked the mother of his two children. After plea negotiations, Williams pleaded guilty to one count of aggravated domestic violence in exchange for the dismissal of the remaining charges. By order filed on February 4, 2011, he was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections ("MDOC"),

---

[1] The Court notes that the Mississippi Department of Corrections lists the petitioner's first name as "Rueben." *See* http://www.mdoc.state.ms.us/ (follow "Inmate Search" hyperlink; search "Rueben Williams") (last visited February 18, 2014).

1

with fifteen years to serve and five years of post-release supervision. (*See* Answer, Ex. A).

By statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Williams did, however, file a motion for post-conviction relief in the Leflore County Circuit Court on September 20, 2011, and the circuit court denied the motion by order filed on April 13, 2012. (*See* Answer, Ex. B). Williams appealed the denial of his post-conviction motion to the Mississippi Supreme Court, which assigned the case to the Mississippi Court of Appeals. On July 30, 2013, the Mississippi Court of Appeals affirmed the judgment of the circuit court. (*See* Answer, Ex. C); *see also Williams v. State*, 119 So. 3d 404 (Miss. Ct. App. 2013), *reh'g denied,* November 5, 2013 (Case No. 2012-CP-00411-COA). Williams did not file a petition for writ of certiorari to the Mississippi Supreme Court. (*See* Answer, Ex. D).

On or about October 30, 2013, Williams filed the instant federal habeas petition raising the following grounds for relief, as stated by Williams:

> Ground One: Dismissed deadly weapon from charge and indictment.
> Ground Two: Reuben Williams constitutional right to a speedy trial was violated.
> Ground Three: Ineffective assistance of counsel.
> Ground Four: Excessive sentencing cruel and unusual punishment.

In their answer, Respondents claim that Williams has failed to exhaust his State court remedies as to the claims in the instant petition, and as such, his claims are not properly before the Court. Williams has failed to submit a reply.

## Legal Standard

Generally, a petitioner must exhaust his available state court remedies as a prerequisite to seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). The exhaustion requirement is satisfied when the habeas claim has been presented to the highest state court in a procedurally proper manner. *Nobles v. Johnson*, 127

2

F.3d 409, 420 (5th Cir. 1997). If a petitioner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 157, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

Where a petitioner files a petition containing some exhausted claims and some unexhausted claims, a federal district court must typically dismiss the "mixed petition" in its entirety. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). However, a petitioner may, in limited circumstances, file a protective federal habeas petition and request that the habeas court stay his action and hold the petition in abeyance while he exhausts his claims in state court. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005). Such a stay is only appropriate, however, if the petitioner shows (1) good cause for his failure to exhaust, (2) his unexhausted claims are not plainly meritless, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).

**Discussion**

Under Mississippi law, an appellant who is displeased with the decision of the Mississippi Court of Appeals must file a motion for rehearing with that court, and if the result of the rehearing proceeding is dissatisfactory, file a petition for writ of certiorari with the Mississippi Supreme Court to obtain review of the Court of Appeals decision. *See* Miss. R. App. P. 17(b). Rule 17(a) of the Mississippi Rules of Appellate Procedure provides that:

> A decision of the Court of Appeals is a final decision which is not reviewable by the Supreme Court except on writ of certiorari. Review on writ of certiorari is not

3

> a matter of right, but a matter of judicial discretion. The Supreme Court may
> grant a petition for writ of certiorari on the affirmative vote of four of its members
> and may, by granting such writ, review any decision of the Court of Appeals.
> Successive review of a decision of the Court of Appeals by the Supreme Court
> will ordinarily be granted only for the purpose of resolving substantial questions
> of law of general significance[.]
> 
> ***
> 
> Notwithstanding the presence of one or more of these factors, the Supreme Court
> may decline to grant a petition for certiorari for review of the decision of the Court
> of Appeals. The Court may, in the absence of these factors, grant a writ of certiorari.

Rule 17(a) of the Mississippi Rules of Appellate Procedure.

While an appellant has no right to review, he or she has the right to seek review. *See, e.g., Cohen v. State*, 732 So. 2d 867, 871 (Miss. 1999). In this case, Williams failed to file a petition for writ of certiorari. His failure to seek discretionary review with the Mississippi Supreme Court renders the instant claims unexhausted. *See, e.g., Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985) (rejecting argument that discretionary appeal to state supreme court is unnecessary for the purpose of exhausting state remedies); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoner must present his claims to state supreme court in a petition for discretionary review when that review is part of the state's ordinary appellate review). The time to seek certiorari review has long expired. *See* Miss. R. App. P. 17(b) (requiring petition for writ of certiorari to be filed within fourteen days from the date of entry of the judgment by the Court of Appeals on the motion for rehearing). Therefore, a return to State court would be fruitless in this case.

The Court finds that because Williams' State court remedies were rendered unavailable by his own failure to properly exhaust his claims, he has procedurally defaulted his claims for purposes of federal habeas review. *See Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust his state remedies, but the court to which he would be required to

return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief."). Therefore, federal habeas review of his claims is precluded unless he can show a cause for his default and actual prejudice as a result, or that the Court's failure to address the claims would result in a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Sones v. Hargett*, 61 F.3d 410, 418 (5th Cir. 1995).

Williams has not attempted to argue any external "cause" for his default, and the Court finds that Williams has failed to demonstrate the requisite "cause and prejudice" necessary to obtain review of his claims. *Coleman*, 501 U.S. at 753 ("'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[.]"). Nor does the Court find that failure to address the claims would result in a miscarriage of justice. The miscarriage of justice exception is confined to cases of actual innocence "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citation omitted). Williams has not produced any evidence to show that he meets this exception, and the Court finds it inapplicable, particularly in light of the fact that Williams pleaded guilty. The instant petition must be dismissed.

## Certificate of Appealability

Williams must obtain a certificate of appealability ("COA") before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless Williams makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which he may do by demonstrating that "reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, Williams must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this case.

## Conclusion

It is hereby ordered that Williams' petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. A judgment in accordance with this opinion and order will issue today.

**SO ORDERED, THIS** the 18th day of February, 2014.

/s/DEBRA M. BROWN
**UNITED STATES DISTRICT JUDGE**